VINSON & ELKINS L.L.P.
STEVEN D. MOORE (SBN 290875)
stevemoore@velaw.com
CECELIA A. RIVERA (SBN 357220)
crivera@velaw.com
555 Mission Street, Suite 2000
San Francisco, CA 94105
Telephone: 415.979.6900
Facsimile: 415.651.8786

SARAH Y. KAMRAN (SBN 347617)
skamran@velaw.com
2121 Avenue of the Stars, Suite 620
Los Angeles, CA 90067
Telephone: 213.527.6400
Facsimile: 213.527.6401

***Attorneys for Plaintiff***
***MÖLNLYCKE HEALTH CARE AB***

***Additional Counsel on Signature Page***

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MÖLNLYCKE HEALTH CARE AB,<br><br>Plaintiff,<br><br>v.<br><br>MEDLINE INDUSTRIES, LP,<br><br>Defendant. | Case No. 2:26-cv-13300<br><br>**MÖLNLYCKE HEALTH CARE AB'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Mölnlycke Health Care AB ("Mölnlycke") files this complaint for patent infringement ("Complaint") against Defendant Medline Industries, LP ("Medline"), and in support of its Complaint alleges as follows:

## NATURE OF ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq*., including §§ 271, 283, 284, and 285.

2. This action is based on Medline's infringement of United States Patent Nos. 12,251,293 ("the '293 Patent"); 12,533,265 ("the '265 Patent"); and 12,636,197 ("the '197 Patent") (collectively, the "Asserted Patents").

3. The infringing products at issue are transparent medical dressings incorporating gel pads, including at least Medline's OptiView Transparent Dressing with HydroCore Technology (the "Accused Products").

4. Mölnlycke brings this action seeking damages, a permanent injunction, attorneys' fees and costs, and other such relief that the Court deems proper.

## THE PARTIES AND BACKGROUND

5. Mölnlycke is a leading international medical solutions company headquartered in Gothenburg, Sweden. It manufactures and sells medical devices including, without limitation, wound care, single-use surgical, and pressure ulcer prevention products to health care systems around the world.

6. Mölnlycke manufactures and sells medical devices in the United States through its wholly owned subsidiary, Mölnlycke Health Care US, LLC ("MHC"). MHC manufactures and sells Mölnlycke's products in the United States, including wound care dressings and components used therein.

7. On information and belief, Medline is a limited partnership formed under the laws of Illinois with a principal place of business at Three Lakes Drive, Northfield, Illinois 60093. Medline is also in the business of selling medical products and devices, including the Accused Products.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq*.

9. This Court has personal jurisdiction over Medline because Medline has purposefully directed activities at residents of California and this judicial district, and because Mölnlycke's claims arise out of or relate to these activities. On information and belief, Medline has and continues to purposefully direct activities at residents of California and this judicial district by actively marketing, promoting, and selling the Accused Products to healthcare providers located in California and this district. Leveraging its position as a medical supply distributor, Medline has and continues to engage in a sustained campaign to encourage healthcare providers in California and this judicial district to evaluate and adopt the Accused Products, and certain providers have and continue to purchase and/or use the Accused Products as a result.

10. Medline also has and continues to offer for sale and sell products, including the Accused Products, in California and this judicial district through its Medline at Home website at https://athome.medline.com/en/ (last visited Nov. 13, 2026), which is accessible to residents of California and this judicial district, and ship directly to consumers in California and this judicial district, as shown below.

Screenshot of Medline's Website Offering Accused Products for Sale




11. Medline also has and continues to import medical dressings into California and this judicial district through the Port of Long Beach, California, including on information and belief the Accused Products.

12. Medline also has purposefully directed activities at residents of California and this judicial district because it operates a distribution center in Rialto, California,[1] and has announced plans to open a new distribution center in Perris, California,[2] both of which are in this judicial district. More broadly, California is a "major hub for Medline on the West Coast," with nine manufacturing and distribution facilities across the state, and Medline's distribution center footprint in California continues to grow, with plans to reach approximately 5 million square feet by

[1] https://newsroom.medline.com/supply-chain/medline-second-autostore-rialto/ (last visited Nov. 13, 2026).

[2] https://newsroom.medline.com/releases/new-facility-perris/ (last visited Nov. 13, 2026).

mid-2027.[3]

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because Medline has a regular and established place of business in this district, including at least the Rialto, California distribution center described above, and because Medline has committed acts of infringement in this district, as described above.

## THE ASSERTED PATENTS

14. On March 18, 2025, the United States Patent and Trademark Office (the "PTO") issued the '293 Patent, entitled "Prophylactic Dressing." A true and correct copy of the '293 Patent is attached to this Complaint as Exhibit 1.

15. Mölnlycke owns all right, title, and interest in the '293 Patent.

16. The '293 Patent is valid and enforceable.

17. On January 27, 2026, the PTO issued the '265 Patent, entitled "Medical Dressing." A true and correct copy of the '265 Patent is attached to this Complaint as Exhibit 2.

18. Mölnlycke owns all right, title, and interest in the '265 Patent.

19. The '265 Patent is valid and enforceable.

20. On May 26, 2026, the PTO issued the '197 Patent, entitled "Prophylactic Dressing." A true and correct copy of the '197 Patent is attached to this Complaint as Exhibit 3.

21. Mölnlycke owns all right, title, and interest in the '197 Patent.

22. The '197 Patent is valid and enforceable.

## COUNT ONE

**(Infringement of U.S. Patent No. 12,251,293)**

23. Mölnlycke repeats and realleges paragraphs 1 through 22 of this Complaint as if fully set forth herein.

---

[3] https://www.medline.com/about-us/california/ (last visited Nov. 13, 2026).

24. Medline has directly infringed and continues to directly infringe the ’293 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or importing into the United States the Accused Products, including at least Item No. MSCOV99EP (OptiView Clear Dressing, Sacrum, 9” x 9”) (the “’293 Accused Products”).

25. As shown in Exhibit 4 attached to this Complaint, the ’293 Accused Products meet each and every limitation of at least claims 1, 2, 6, 7, 13, 14, and 16-21 of the ’293 Patent, either literally or under the doctrine of equivalents.

26. Medline has also indirectly infringed and continues to indirectly infringe the ’293 Patent in violation of 35 U.S.C. § 271(b) by actively inducing third parties to directly infringe at least claims 1, 2, 6, 7, 13, 14, and 16-21 of the ’293 Patent by making, using, offering for sale, selling, and/or importing into the United States the ’293 Accused Products. Medline has done so with knowledge or with willful blindness of the fact that the induced acts constitute infringement of the ’293 Patent. On information and belief, Medline intends to cause and has taken affirmative steps to induce infringement by third parties by, *inter alia*, creating advertisements that promote the infringing use of the ’293 Accused Products, creating established distribution channels for the ’293 Accused Products into and within the United States, distributing or making available instructions or manuals for the ’293 Accused Products, and/or providing technical support or services for the ’293 Accused Products.

27. Medline is not licensed or otherwise authorized to make, use, offer for sale, sell, or import for sale any inventions claimed in the ’293 Patent.

28. Medline has had knowledge of the ’293 Patent since at least May 7, 2026, when Mölnlycke notified Medline of its infringement of the ’293 Patent. Despite having knowledge of the ’293 Patent and its infringement of the same, Medline has continued its infringing conduct. Medline’s infringing conduct has been and continues to be willful and deliberate misconduct beyond typical infringement

such that Mölnlycke is entitled to enhanced damages up to three times any compensatory amount awarded under 35 U.S.C. § 284.

29. Mölnlycke has been damaged by Medline's infringing conduct, and Mölnlycke is entitled to recover compensatory damages for such infringement, including lost profits, but in no event less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

30. Mölnlycke has also been and continues to be irreparably injured by Medline's infringing conduct, and the remedies available to Mölnlycke at law are inadequate to compensate Mölnlycke for that injury. Mölnlycke's irreparable injury will continue unless and until Medline's continuing acts are restrained and enjoined by this Court. Mölnlycke is thus entitled to injunctive relief enjoining and restraining Medline, its officers, agents, and employees, acting jointly and severally, and all persons acting in concert with it, and each of them, from further infringement of the '293 Patent.

**<u>COUNT TWO</u>**

**(Infringement of U.S. Patent No. 12,533,265)**

31. Mölnlycke repeats and realleges paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. Medline has directly infringed and continues to directly infringe the '265 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or importing into the United States the Accused Products, including at least Item Nos. MSCOV99EP (OptiView Clear Dressing, Sacrum, 9" x 9", "OptiView Sacrum"), MSCOV1200BZ (OptiView Clear Dressing, Heel, 9" x 9"), MSCOVM6EP (OptiView Clear Dressing, Multisite, 6" x 6"), and MSCOV44EPZ (OptiView Clear Dressing, Bordered, 4" x 4") (the "'265 Accused Products").

33. As shown in Exhibit 5 attached to this Complaint, the '265 Accused Products meet each and every limitation of at least claims 1 and 5 of the '265 Patent, and the OptiView Sacrum further meets each and every limitation of at least claims

7 and 11 of the ’265 Patent, either literally or under the doctrine of equivalents.

34. Medline has also indirectly infringed and continues to indirectly infringe the ’265 Patent in violation of 35 U.S.C. § 271(b) by actively inducing third parties to directly infringe at least claims 1 and 5 of the ’265 Patent by making, using, offering for sale, selling, and/or importing into the United States the ’265 Accused Products, and to directly infringe at least claims 7 and 11 of the ’265 Patent by making, using, offering for sale, selling, and/or importing into the United States the OptiView Sacrum. Medline has done so with knowledge or with willful blindness of the fact that the induced acts constitute infringement of the ’265 Patent. On information and belief, Medline intends to cause and has taken affirmative steps to induce infringement by third parties by, *inter alia*, creating advertisements that promote the infringing use of the ’265 Accused Products, creating established distribution channels for the ’265 Accused Products into and within the United States, distributing or making available instructions or manuals for the ’265 Accused Products, and/or providing technical support or services for the ’265 Accused Products.

35. Medline is not licensed or otherwise authorized to make, use, offer for sale, sell, or import for sale any inventions claimed in the ’265 Patent.

36. Medline has had knowledge of the ’265 Patent since at least May 7, 2026, when Mölnlycke notified Medline of its infringement of the ’265 Patent. Despite having knowledge of the ’265 Patent and its infringement of the same, Medline has continued its infringing conduct. Medline’s infringing conduct has been and continues to be willful and deliberate misconduct beyond typical infringement such that Mölnlycke is entitled to enhanced damages up to three times any compensatory amount awarded under 35 U.S.C. § 284.

37. Mölnlycke has been damaged by Medline’s infringing conduct, and Mölnlycke is entitled to recover compensatory damages for such infringement, including lost profits, but in no event less than a reasonable royalty, together with

interest and costs as fixed by this Court under 35 U.S.C. § 284.

38. Mölnlycke has also been and continues to be irreparably injured by Medline's infringing conduct, and the remedies available to Mölnlycke at law are inadequate to compensate Mölnlycke for that injury. Mölnlycke's irreparable injury will continue unless and until Medline's continuing acts are restrained and enjoined by this Court. Mölnlycke is thus entitled to injunctive relief enjoining and restraining Medline, its officers, agents, and employees, acting jointly and severally, and all persons acting in concert with it, and each of them, from further infringement of the '265 Patent.

**<u>COUNT THREE</u>**

**(Infringement of U.S. Patent No. 12,636,197)**

39. Mölnlycke repeats and realleges paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. Medline has directly infringed and continues to directly infringe the '197 Patent in violation of 35 U.S.C. § 271(a) by performing the patented methods claimed in the '197 Patent, including in connection with making, using, offering for sale, selling, and/or importing into the United States the Accused Products, including at least Item No. MSCOV99EP (OptiView Clear Dressing, Sacrum, 9" x 9") (the "'197 Accused Products").

41. As shown in Exhibit 6 attached to this Complaint, Medline performs each and every step of claims 1 through 10 of the '197 Patent, either literally or under the doctrine of equivalents.

42. Medline has also indirectly infringed and continues to indirectly infringe the '197 Patent in violation of 35 U.S.C. § 271(b) by actively inducing third parties to directly infringe claims 1 through 10 of the '197 Patent by performing the patented methods claimed in the '197 Patent, including in connection with making, using, offering for sale, selling, and/or importing into the United States the '197 Accused Products. Medline has done so with knowledge or with willful blindness of the fact

that the induced acts constitute infringement of the ’197 Patent. On information and belief, Medline intends to cause and has taken affirmative steps to induce infringement by third parties by, *inter alia*, creating advertisements that promote the infringing use of the ’197 Accused Products, creating established distribution channels for the ’197 Accused Products into and within the United States, distributing or making available instructions or manuals for the ’197 Accused Products, and/or providing technical support or services for the ’197 Accused Products.

43. Medline is not licensed or otherwise authorized to make, use, offer for sale, sell, or import for sale any inventions claimed in the ’197 Patent.

44. On information and belief, Medline has had knowledge of the ’197 Patent since on or around May 26, 2026, when the ’197 Patent issued, or at the very latest upon its receipt of this Complaint. Despite having knowledge of the ’197 Patent and its infringement of the same, Medline has continued its infringing conduct. Medline’s infringing conduct has been and continues to be willful and deliberate misconduct beyond typical infringement such that Mölnlycke is entitled to enhanced damages up to three times any compensatory amount awarded under 35 U.S.C. § 284.

45. Mölnlycke has been damaged by Medline’s infringing conduct, and Mölnlycke is entitled to recover compensatory damages for such infringement, including lost profits, but in no event less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

46. Mölnlycke has also been and continues to be irreparably injured by Medline’s infringing conduct, and the remedies available to Mölnlycke at law are inadequate to compensate Mölnlycke for that injury. Mölnlycke’s irreparable injury will continue unless and until Medline’s continuing acts are restrained and enjoined by this Court. Mölnlycke is thus entitled to injunctive relief enjoining and restraining Medline, its officers, agents, and employees, acting jointly and severally, and all persons acting in concert with it, and each of them, from further infringement of the ’197 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Mölnlycke respectfully requests that the Court grant the following relief:

A. A judgment that Medline has directly infringed one or more claims of each of the Asserted Patents, and/or has induced infringement of one or more claims of each of the Asserted Patents;

B. A judgment that each of the Asserted Patents is valid and enforceable;

C. An injunction enjoining Medline and its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all persons in active concert or participation with any of the foregoing persons or entities, from infringing or inducing infringement of the Asserted Patents;

D. A judgment for an accounting of all damages and to pay damages adequate to compensate Mölnlycke for Medline's infringement of the Asserted Patents;

E. A judgment that Medline has willfully infringed the Asserted Patents;

F. A judgment that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

G. A judgment requiring Medline to pay Mölnlycke's costs, expenses, and pre- and post-judgment interest for Medline's infringement of the Asserted Patents pursuant to 35 U.S.C. § 284;

H. A judgment finding that this is an exceptional case and awarding Mölnlycke its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

I. Such other relief that the Court deems just and proper.

## JURY DEMAND

In accordance with Federal Rule of Civil Procedure 38, Mölnlycke respectfully demands a jury trial of all issues triable to a jury in this action.

DATED: November 13, 2026

Respectfully submitted,

VINSON & ELKINS L.L.P.

By: */s/ Steven D. Moore*
Steven D. Moore

CORBIN J. CESSNA (TX BN 24120753)
*Pro Hac Vice* to be submitted
ccessna@velaw.com
BRITTANY B. SILVESTER (TX BN 24150197)
*Pro Hac Vice* to be submitted
bsilvester@velaw.com
VINSON & ELKINS L.L.P.
200 West 6th St., Ste. 2500
Austin, TX 78701
Telephone: 512.542.8400
Facsimile: 512.542.8612

***Attorneys for Plaintiff***
***MÖLNLYCKE HEALTH CARE AB***